IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SALEH ZAID AL KHATEMI, *et al.* | ) ) ) | |
| *Petitioners*, | ) ) | |
| v. | ) ) | Civil Action No. 05-2248 (ESH) |
| GEORGE W. BUSH, *et al.*, | ) ) ) ) | |
| *Respondents*. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONERS' MOTION FOR THE IMMEDIATE
ISSUANCE OF A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243
OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Petitioner Saleh Zaid Al Khatemi together with his Next Friend, Shag Zuhayid Al Suhaid, his Uncle, as co-Petitioner, by and through undersigned counsel, rely on the following points and authorities in support of their motion requesting this Court to issue forthwith a writ of habeas corpus, pursuant to 28 U.S.C. § 2243, returnable in three days, in order to proceed to a hearing on the merits of their Petition. Alternatively, the Petitioners seek forthwith the issuance of an order to show cause why a writ of habeas corpus should not be granted, returnable in three days. In support of his motion, the Petitioners state the following:

1.  Saleh Zaid Al Khatemi is a prisoner at Camp Delta, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). On information and belief, he has been imprisoned by the United States for approximately three years. During that entire time, he has been held virtually *incommunicado*.

2.  On November 17, 2005, undersigned counsel filed a Petition for Writ of *Habeas Corpus* and Complaint for Declaratory and Injunctive Relief (the "Petition") on

behalf of Mr. Al-Khatemi. The Petition contests both the fact of Mr. Al Khatemi's incarceration as well as his inhumane treatment, which violates the constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition.

3. Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto."

4. There should no longer be any doubt that Mr. Al Khatemi is entitled to challenge his incarceration; the United States Supreme Court has so determined. *Rasul v. Bush*, No. 03-334, 542 U.S. 466, __ , 124 S. Ct. 2686, 2699 (2004). Further, the Government has agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S, 507, __, 124 S.Ct. 2633, 2644 (2004). Accordingly, the Petitioners respectfully suggest that this Court is required forthwith either to issue the writ or order the government to show cause why the writ should not be granted.

5. Pursuant to 28 U.S.C. § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See Simspon v. Ortiz*, 995 F.2d 606, 609 (5th Cir.), *cert. denied*, 510 U.S. 983 (1993) (district court complied with the "forthwith"

requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge).

6. The Petitioners request that the writ or, alternatively, the order to show cause be returnable within three days. The original petition was filed, and served on the United States Attorney by hand, pursuant to Rule 4(i)(1)(A), one day after the Petition was physically filed, on November 17, 2005, more than twenty days ago. Service also was effected on November 17, 2005 through certified and registered mail, pursuant to Rule 4(i)(1)(B), on the United States Attorney General. Finally, Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, was also sent an electronic PDF copy of the Petition by undersigned counsel on November 14, 2005. Each Respondent was also individually served by U.S. mail. Thus, the Government has already had the twenty-day notice period contemplated under 28 U.S.C. § 2243.

7. On December 14, 2005, Respondents' counsel Andrew Warden stated in a phone conversation that the Government opposed producing Mr. Al Khatemi in court or providing a factual basis for his continued imprisonment.

8. Equally important is that the United States has imprisoned and interrogated Mr. Al Khatemi already, possibly for three years or more. On information and belief, the government has interrogated Mr. Al Khatemi on numerous occasions and is well aware of the factual bases that allegedly support the continued imprisonment of Mr. Al Khatemi. On information and belief, a "Combatant Status Review Tribunal" has been held for Mr. Al Khatemi. *See U.S. to Release 3 Guantánamo*

*Detainees* (Reuters), Feb. 4, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before [Judge] Green ruled" on January 31, 2005; Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as follows: "It's a matter of processing the paperwork now because the tribunals have all occurred.").

9.  Because the Government has already evaluated the "enemy combatant" status of Mr. Al Khatemi and conducted levels of review that presumably included evidence sufficient to justify the Government's determination, since he continues to be held, there is no basis for the Government to claim that it needs more time to comply with the Supreme Court's directive to allow Mr. Al Khatemi to test the bases for his detention. Accordingly, there is no reason to delay issuance of the Writ or an Order to Show Cause or the Government's response to it.

10. Through its filings in other, parallel cases, it appears that the Government may be attempting to preempt this Court from hearing the *habeas corpus* petitions filed in cases involving Guantánamo Bay detainees. By implementing the truncated procedures apparently being used in the "military tribunal"-type hearings, and by presenting the arguments it has made in the other, parallel Guantánamo Bay cases in this Court, the Government seeks to perpetuate the existence of a prison beyond the reach of Article III courts, a position that the Supreme Court resoundingly rejected in ruling that United States courts have jurisdiction to hear challenges to the legality of Mr. Al Khatemi's detention.

11. The facts in this case require that the matter be handled expeditiously. In one remarkable recent account, it was reported that of those currently held at

       Guantánamo Bay, the United States military's own "[c]ommanders now estimate that up to 40% of the 549 current detainees probably pose no threat and possess no significant information." *See* Wall Street Journal, January 26, 2005, at A1. Even more stunning, "Military officials at Guantánamo say they have specifically recommended the release of about 100 of those men. But after a year of delay, the Pentagon, which makes the final call, has yet to act." *Id.* As indicated above, Mr. Al Khatemi challenges his wrongful imprisonment, which Petitioners submit has been without basis, without charge, without access to counsel and without being afforded any fair process by which Mr. Al Khatemi might challenge his designation or detention. That imprisonment has now lasted approximately three years, and it appears quite possible that the majority of such time has been spent in an eight foot by six foot prison cell, twenty-four hours a day.

12. On information and belief, Petitioners also submit that it appears that Mr. Al Khatemi was not taken into custody by the United States from the theatre of military operations and battlefields in Afghanistan or Iraq. Mr. Al Khatemi was removed from the country of his arrest against his will and brought to the United States in violation of existing extradition treaties. Mr. Al Khatemi has not been charged with any crime.

13. Petitioners also challenge the conditions of Mr. Al Khatemi's incarceration. Based on information obtained from former prisoners at Guantánamo Bay who have been released, there is a strong likelihood that Mr. Al Khatemi has been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confession, a practice

that directly contravenes applicable domestic, military and international law. Recently, the United States military announced it needed to extend by four weeks its investigation into FBI allegations that prisoners were tortured at Guantánamo. That investigation was ordered after the public release of FBI documents describing prisoners shackled in a fetal position on the floor for up to 24 hours and left in their own urine and feces. *See Military Extends Guantánamo Abuse Probe* (Reuters), February 2, 2005. *See also id.* ("Several former prisoners have said they were beaten, threatened with dogs and subjected to freezing temperatures, and the International Committee of the Red Cross has said their treatment was 'tantamount to torture.'"); *Videos Show Guantánamo Prisoner Abuse* (AP), February 1, 2005 "Videotapes of riot squads subduing troublesome terror suspects at the U.S. prison camp at Guantánamo Bay show the guards punching some detainees, tying one to a gurney for questioning and forcing a dozen to strip from the waist down, according to a secret report").

14. Press reports also reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Suicide Attempts Rise to 31* (AP), August 20, 2003. On information and belief, the health and mental condition of Mr. Al Khatemi will be placed at risk if his incarceration is allowed to continue without review and remedial measures ordered by this Court. *See, e.g., Detainees Accuse Female Interrogators* (Washington Post), Feb. 10, 2005, at A1 (noting how female interrogators, among other things, pretended to smear menstrual blood on Muslim men before they intended to pray.

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioners respectfully request that this Court issue either a writ of *habeas corpus* or an order to show cause to the Respondents, either of which should then be ordered returnable within three days of this Court's issuance.

Dated:  December 20, 2005.

Respectfully submitted,

/s/ Martha Rayner
Martha Rayner (Pursuant to LCvR 83.2(g))
(NY-MR-1423)
James Cohen (NY-JC-3836)
Lincoln Square Legal Services
Fordham University School of Law
33 W. 60th Street, 3rd Floor
New York, NY 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923

Counsel for Petitioners

# CERTIFICATE OF SERVICE

I, Martha Rayner, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

>The Honorable Alberto Gonzales
>United States Attorney General
>United States Department of Justice
>950 Pennsylvania Avenue, N.W.
>Washington, D.C.  20530-0001
>
>The Honorable Kenneth L. Wainstein
>United States Attorney for the District of Columbia
>555 4th Street, N.W.
>Washington, D.C.  20530
>
>Terry Henry, Esq., Senior Trial Attorney
>Andrew I. Warden, Esq., Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 7144
>Washington, DC 20530

This 20th day of December, 2005.

>/s/ Martha Rayner
>Martha Rayner, Esq.

WO 370232.1