## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SALEH ZAID AL KHATEMI,** *et al.*, *Petitioners*, | ) ) ) ) |
| *v.* | ) **Civil Action No. 05-2248 (ESH)** ) |
| **GEORGE W. BUSH,** *et al.*, *Respondents*. | ) **ORAL ARGUMENT REQUESTED** ) ) ) |

## PETITIONERS' (1) MEMORANDUM IN OPPOSITION TO RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS; AND (2) REPLY TO RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION FOR WRIT OF HABEAS CORPUS OR ORDER TO SHOW CAUSE

### PROCEDURAL BACKGROUND

On November 17, 2005, undersigned counsel filed a Petition for Writ of Habeas Corpu*s* and Complaint for Declaratory and Injunctive Relief (the "Petition") on behalf of Mr. Al Khatemi. On December 20, 2005 undersigned counsel filed a motion requesting immediate issuance of a Writ of Habeas Corpus and an Order to Show Cause. On December 29, 2005, Respondents moved to stay proceedings pending appeals in other Guantanamo cases.

### ARGUMENT

### I.    The Court Should Not Grant a Stay While Mr. Al Khatemi Languishes in Guantanamo Bay Without Charge

The Government seeks stay proceedings in Mr. Al Khatemi's challenge to his indefinite detention pending resolution of all appeals in *Khalid v. Bush*, *Boumediene v. Bush*, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and *In re Guantanamo Detainee Cases*, No. 02-

CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005).

A party seeking a stay of all judicial proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *accord Dellinger v. Mitchell,* 442 F.2d 782, 786-87 (D.C. Cir. 1971). Thus, "[i]n deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay" and "then balance interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *see also Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances.")

Here the government has made no such showing of hardship if the case proceeds with which to balance against the very real injury to Mr. Al Khatemi. The Respondents' main theme in favor of a stay is that judicial efficiency will be served by waiting to see if the Court of Appeals reverses Judge Green's decision in *In re Guantanamo Detainee Cases*. Any balancing of harms must begin with the undeniable fact that Petitioner Al Khatemi has been incarcerated virtually *incommunicado* for over four years without charge, access to counsel or fundamental minimal due process protections. Furthermore, the government has recently released official documents confirming reports from released detainees and news organizations that Guantánamo detainees have been subject to systematic physical and mental abuse that can only be described as torture.[1] In effect, a

---

[1] These documents were released under a court order entered in litigation brought under the Freedom of Information Act by civil rights, humanitarian and veterans' organizations. See American Civil Liberties Union v. Department of Defense, No. 04-CV-4151 (AKH) (S.D.N.Y.). The documents can be viewed at http://action.aclu.org/torturefoia/.

stay would virtually guarantee that Mr. Al Khatemi would be forced to endure a continued lengthy indefinite detention under widely publicized and admittedly abusive conditions of confinement.

The Government's motion to stay is also incompatible with the Supreme Court's mandate to "consider in the first instance the merits of petitioners' claims." *Rasul v. Bush*, 124 S. Ct. at 2699 (2004). Respondents also ignore a long line of cases emphasizing that habeas cases must be handled expeditiously.[2] A stay would cause Mr. Al Khatemi substantial, irreparable harm.

Indeed, express statutory language compels prompt disposition of habeas corpus petitions. "A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted ...." 28 U.S.C. § 2243 (emphasis supplied). The statute plainly directs district courts to "summarily hear and determine the facts, and dispose of [a habeas corpus petition] as law and justice require" and requires the court to hold a hearing within five days of the return of the writ, which must itself be within three days, absent good cause. *Id.* The tight time limits for the Return set out in § 2243 are especially warranted in the present case, in which Mr. Al Khatemi's petition, on its face, denies any valid ground for holding him.

While Petitioners are aware that this Court recently granted the Government's motion to stay in another Guantanamo case, *Al-Mithali v. Bush*, No. 05-2186 (ESH), it has subsequently become abundantly clear that the Government's strategy is to isolate Mr. Al Khatemi's detention

---

[2] *See, e.g., Preiser v. Rodriguez,* 411 U.S. 474, 495 (1973) ("The federal habeas statute provides for a swift, flexible, and summary determination."); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (habeas review is designed "to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person"); *Stack v. Boyle*, 342 U.S. 1, 4 (1952)("Relief in this type of case must be speedy if it is to be effective.").

from Judicial Branch scrutiny for as long as possible. Mr. Al Khatemi respectfully requests that this Court shed light on his detention by moving to the merits phase forthwith.

## II.    Any Stay Should Expire Upon Decision by the Court of Appeals

At the very least this Court should limit the duration of any stay order until the Court of Appeals decides the pending cases and no longer. If the detainees prevail, the Government will have 90 days to petition for a writ of certiorari and there is no time limit on the Supreme Court's consideration of such a petition. At the earliest the Supreme Court would consider the cases during the October 2006 term. Even assuming expedited briefing and consideration, the Supreme Court would not likely issue a decision until sometime in 2007. In the meantime Mr. Al Khatemi will have entered his fifth year of illegal detention. In *Landis* the Supreme Court held that a stay may not be "immoderate in extent" or "oppressive in its consequences." 299 U.S. at 256. Given the conditions of Mr. Al Khatemi's years of incarceration and its potentially indefinite duration, it is difficult to conceive of a delay more immoderate or consequences more oppressive than to require him to wait at least another full year to proceed with his petition. In *Landis* the Supreme Court vacated a stay in a securities case intended to last through intermediate and Supreme Court appeals, holding that "relief so drastic and unusual overpasses the limits of any reasonable need...." 299 U.S. at 257. See also *Dellinger*, 442 F.2d at 785-88.

## III.    The Court Should Order Respondents to Produce Factual Returns

In order for Mr. Al Khatemi to receive meaningful representation from undersigned counsel, this Court should require the government to make a factual return as in *Al-Mithali, supra*.

The government has already organized the facts behind the charges. It has conducted factual hearings of a rudimentary nature in the Combat Status Review Tribunals (CSRT). As a result of

4

a successful Associated Press Freedom of Information Act case, a sampling of unclassified

CSRT files for about 60 detainees can be viewed at

http://wid.ap.org/documents/detainees/list.html. (The files typically have name and country

redacted.)  A cursory review of any of these files shows that the Government already has well

organized factual files that it can produce quickly.  It makes no sense for the Government to

produce files, even in redacted form, to the Associated Press for viewing by the entire world and

not produce the same file to a petitioner's attorney.  Without the ability to review the CSRT file,

the undersigned will have a much harder time preparing the case or discussing the facts with her

client.  The Court should order the government to produce Mr. Al Khatemi's CSRT file to the

undersigned with all the protections of the protective order entered in this case.

In addition to this court, at least eight other judges of this bench (J. Bates, J. Collyer, J.

Friedman, J. Kessler, J. Roberts, J. Sullivan, J. Urbina and J. Walton) have ordered the

government to make factual returns.  In *Battayav v. Bush*, 05-714 docket number 12, page 3,

Judge Walton considered but rejected the same argument the Government makes here -- that the

submission of factual returns is burdensome and risks the inadvertent disclosure of classified

information -- because the factual returns were necessary for petitioners' counsel to effectively

represent them even in an initial meeting. Judge Bates made the same point in *Al-Anazi v. Bush*,

05-345, 2005 WL 1119602, at page 10, docket number 21.  Judge Urbina rejected the same

arguments the government makes here:

> As to the government's concerns regarding classified information, the
> protective orders entered in this case will guard against any
> inadvertent disclosures. Finally, the government's generic references
> to the expenditures of its resources and logistical burden does not
> persuade the court to delay ordering the return; the court is confident
> that the government can handle this task.

*Qayed v. Bush*, 05-454, docket number 5, page 2. See also, Judge Kessler's order in *Al-Adahi v.*

*Bush*, 05-301, docket number 26, page2 ; Judge Friedman's order in *Al-Wazan v. Bush*, 05-329, docket number 37, page 1; Judge Huvelle's order in *Kurnaz v. Bush*, 04-1135, docket number 12, page 5; Judge Robert's order in *El-Banni v. Bush*, 04-1144, docket number 10, page 7; and Judge Sullivan's order in *Errachidi v. Bush*, 05-640, docket entry of 21 April 2005.

Judge Sullivan ordered the government to file its factual return within seven days. Judge Roberts ordered the government to file a factual return within 30 days after entry of the protective order. Judges Urbina, Huvelle, Friedman and Kessler allowed for 90 days. Judges Walton and Bates allowed for 120 days. On two occasions when the government was ordered to provide factual returns within seven days it was able to comply without issue. See *Errachidi v. Bush*, 05-640, docket numbers 15 and 16 (Judge Sullivan on 21 April 2005 ordered the government to make its return within seven days and the government did so on 26 April 2005) and *Abdullah v. Bush*, 05-23, docket numbers 24-26 (Judge Roberts on 8 April 2005 required the government to file factual returns by 14 April 2005 and the government did so on 15 April 2005). Mr. Al Khatemi respectfully requests that this Court require that factual returns be filed within 30 days.

## CONCLUSION

For the above reasons, this Court should deny the Government's stay request in its entirety. In the alternative, the stay should be limited to resolution of the Guantanamo cases in the Court of Appeals for the D.C. Circuit and the Government should be required to provide factual returns within 30 days.

Dated: January 11, 2006

\_\_\_\_/s/ Martha Rayner_____

6

Martha Rayner (Pursuant to LCvR 83.2(g))
(NY- MR-1423)
James A. Cohen (NY- JC-3836)

Lincoln Square Legal Services
Fordham University School of Law
33 W. 60th Street, 3rd Floor
New York, NY 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923